IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WILLIAM BURUM, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 120-012 |
| | ) | |
| RICHARD ROUNDTREE, Sheriff, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner brings the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Upon review of the petition, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and **CLOSED**.

**I.    BACKGROUND**

According to the petition and publicly available records, Petitioner was charged by indictment dated July 25, 2017, with two counts of murder and one count of possession of a firearm during the commission of a crime. State v. Burum, Case No. 2017RCCR00971 (Richmond Cty. Sup. Ct. July 2, 2017), *available at* http://coc.augustaga.gov (follow "Criminal Search" hyperlink; then search "Burum, William" last visited Feb. 7, 2020) [1] (hereinafter, Attach. 1); (doc. no. 1, p. 2). The pending case, in which Petitioner is

---

[1] United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (explaining a court may take judicial notice of aother court's record to establish existence of ongoing litigation and related filings); see also United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) ("A court may take judicial notice of its own records and the records of inferior courts.")

represented by counsel Robert MacGregor, has appeared on the Jury Trial calendar seven times, and the case was most recently scheduled for calendar call on January 30, 2020. (See Attach. 1.) Petitioner has also filed in his underlying criminal prosecution *pro se* motions "To Quash Indictment/Motion to Require Transcript of Grand Jury Proceedings/Motion to Require Proof that Indictment Was Returned In Open Court" and "To Dismiss the Indictment." (See id.; doc. no. 1, p. 2.)

Additionally, Petitioner filed a *pro se* state habeas corpus petition on August 23, 2019 against Sheriff Roundtree and the Webster Detention Center. Evans v. Roundtree, Case No. 2019RCHM00019 (Richmond Cty. Sup. Ct. Aug. 23, 2019), *available at* https://coc.augustaga.gov (follow "Civil Search" hyperlink; then search "Burum, William" last visited Feb. 7, 2020, Attach. 2); (doc. no. 1, p. 3.) Petitioner again filed motions to dismiss and quash the indictment in the state habeas case. (Attach. 2.) Although the docket reflects a December 2, 2019 answer to Petitioner's letter to the state habeas court, the docket does not reflect a ruling on the pending motions or an answer to the original petition has been filed. (Id.) In his current federal petition, Petitioner raises multiple claims regarding the grand jury proceedings that resulted in his July 25, 2017 indictment. (Doc. no. 1, pp. 6-7.)

## II.     DISCUSSION

### A.     Exhaustion

The petition should be dismissed because Petitioner has not exhausted state court remedies. Although there is no exhaustion requirement in the language of 28 U.S.C. § 2241(c)(3), federal courts do not exercise jurisdiction under § 2241 if the issues raised might be resolved by trial on the merits or other available state procedures. Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015) (explaining exhaustion requirement in § 2241 case);

Hughes v. Att'y Gen. of Fla., 377 F.3d 1258, 1262 n.4 (11th Cir. 2004) (noting applicability of exhaustion requirement to § 2241 petition challenging pretrial detention). "The exhaustion doctrine of § 2241(c)(3) was judicially crafted on federalism grounds to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction and also to limit federal interference in the state adjudicatory process." Turner v. Morgan, No. 3:12cv188/MCR/CJK, 2012 WL 2003835, at *2 (N.D. Fla. Apr. 25, 2012), *adopted by*, 2012 WL 2003452 (N.D. Fla. June 4, 2012) (citation omitted). Put differently, the exhaustion doctrine prevents "pretrial habeas interference by federal courts in the normal functioning of a state's criminal processes, absent a petitioner's exhaustion of his state court remedies." Id. (citing Braden v. 30th Judicial Cir. Ct. of Ky., 410 U.S. 484, 493 (1973)).

Nothing in Petitioner's filings suggests he has been prevented from asserting his current claims in his state court proceedings. Indeed, Petitioner has a pending state habeas corpus petition. (See Attach. 2.) Moreover, Georgia case law is clear that, subject to various state procedural requirements, the state habeas courts are available for Petitioner to raise claims concerning the validity of his indictment. See Henderson v. Hames, 697 S.E.2d 798, 801-03 (Ga. 2010); see also O.C.G.A. § 9-14-48(d) (describing procedural requirements for consideration of state habeas claims and setting out cause and prejudice, as well as miscarriage of justice, exceptions). Therefore, the Court concludes Petitioner has not satisfied the exhaustion requirement.

### B. Younger Abstention

The petition is also due to be dismissed because this Court should not interfere with Petitioner's ongoing state prosecution. The Supreme Court has repeatedly ruled that "absent

extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions." New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 364 (1989) (citing Younger v. Harris, 401 U.S. 37 (1971)).  There are three exceptions to this rule that warrant federal court intervention: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." Turner, 2012 WL 2003835, at *2 (citing Younger, 401 U.S. at 45).

None of the three exceptions to the Younger doctrine apply to Petitioner's case. Although Petitioner claims he is the victim of bad faith prosecution, he fails to make "substantial allegations" with evidentiary support for his claims.  See Younger, 401 U.S. at 48-49 (noting allegations in previously decided case granting injunction were "substantial" and explaining bad faith prosecutions are brought without an intention of obtaining a conviction or for harassment).  Moreover, although Petitioner claims he "has discovered being irreparably harmed" because there is not proof a grand jury existed to issue his indictment, (doc. no. 1, pp. 6, 7), he has no viable allegation of irreparable injury.  See id. at 53-54 (finding irreparable injury if statute of prosecution is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or other unusual circumstances require equitable relief).  Indeed, Petitioner provides no evidence to support his allegation the 2017 indictment was not properly returned by a duly empaneled grand jury.

Finally, Petitioner's ongoing state prosecution provides an adequate state forum where any constitutional issues can be raised. Therefore, the Court should abstain from reaching the merits of Petitioner's § 2241 petition.

### III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and **CLOSED**.

SO REPORTED and RECOMMENDED this 7th day of February, 2020, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA